**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LARRY AND I.A. PAT PATTERSON, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF WILLIE FAYE | § | |
| PATTERSON, DECEASED, | § | CIVIL ACTION NO. 2-06-CV-443 (TJW) |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| NEXION HEALTH, INC. D/B/A | | |
| SHERMAN HEALTHCARE CENTER, | | |
| Defendant. | | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendant Nexion Health, Inc.'s Motion to Transfer Venue (#13).

Defendant moves the court to transfer this case to the United States District Court for the Eastern

District of Texas, Sherman Division pursuant to 28 U.S.C. § 1404(a) .  After considering the filings

of the parties and the applicable law, the Court GRANTS Defendant's motion to transfer venue for

the reasons expressed below.

**I.      Factual Background**

Plaintiffs Larry and I.A. Patterson filed claims both individually and as representatives of

Willie Faye Patterson, deceased ("Mrs. Patterson").  Plaintiffs reside in Grayson County, Texas.

Mrs. Patterson resided at the Sherman Healthcare Center, in Sherman, Texas, from August 2005 to

March 2006.  Plaintiffs allege that during that time, Mrs. Patterson developed numerous decubitus

ulcers that were not treated properly and that resulted in preventable infections.  Plaintiffs further

claim that Mrs. Patterson suffered severe pain, mental anguish, and other health and nutritional

damage resulting from Defendant's negligent care.

All of Defendant's employees who treated Mrs. Patterson while she lived at the Sherman

Healthcare Center either reside or conduct business in Sherman, Texas or Grayson County.  All of the physicians and health care providers who provided care to Mrs. Patterson for the medical conditions at issue in this litigation either live in or conduct business in Sherman, Texas or Grayson County, Texas.  All or substantially all of the events that give rise to this lawsuit occurred at a location in Sherman, Texas or Grayson County, Texas, roughly two miles from the Federal Courthouse.

## II.    Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of

2

sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771.   The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*   The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed*, 90 F. Supp. 2d at 768.

      A.      Convenience Factors

### 1.  The plaintiffs' choice of forum

The plaintiffs' choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002).  The plaintiffs chose to bring their suit in the Eastern District of Texas, Marshall Division.  Therefore, this factor weighs against transfer.

### 2. The convenience of parties and material witnesses

The Court will first assess the convenience of the parties.  The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832.  In this case, Plaintiffs both live in Grayson County, Texas.  The defendant conducts business in a number of places throughout the country, including Grayson County, Texas. Further to that point, the Sherman Healthcare Center is located in Sherman, Texas, roughly two miles

from the Federal Courthouse in Sherman.   Grayson County is located in the Sherman Division of the Eastern District of Texas and is approximately 180 miles from Marshall.   Accordingly, the convenience of the parties weighs in favor of transfer.

The Court now considers the convenience of the witnesses.   Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer.   *Mohamed,* 90 F. Supp. 2d at 774.   Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses.   *Shoemake*, 233 F. Supp. 2d at 832.   The moving party must "specifically identify key witnesses and outline the substance of their testimony."   *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

The administrator of the Sherman Healthcare Center, Ann Brumfield provided the court with an affidavit stating that all of the healthcare providers for Mrs. Patterson either reside, office, or transact business in Grayson County, Texas.   The workplace of many likely trial witnesses is less than two miles from the Federal Courthouse in Sherman, Texas.   In contrast, Marshall, Texas is located roughly 180 miles from the residence and/or workplace of many likely witnesses, and, in particular, a number of health care providers.   This likely means that the witnesses will stay in Marshall overnight.   Plaintiffs do not identify any witnesses or potential witnesses for whom a trial setting for Marshall, Texas is more convenient than Sherman, Texas.   This factor favors transfer.

### 3. The place of the alleged wrong

The issues in this case revolve around actions taking place in Grayson County, Texas.   This factor weighs in favor of transfer.

### 4.  The cost of obtaining the attendance of witnesses and

4

the availability of compulsory process

Plaintiffs do not substantively refute Defendant's argument that it is more expensive for the likely witnesses to attend trial in Marshall instead of Sherman.  As previously noted, many likely witnesses are employees of the defendant involved in the delivery of health care services. Additionally, the compulsory process is available to the court in both trial locations, so that factor slightly favors transfer.

### 5. The accessibility and location of sources of proof

The Court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage.  *Mohamed*, 90 F. Supp. 2d at 778.  It is clear that the relevant documents and the sources of evidence are located in the Sherman Division. However, any documents or evidence can be easily transported to Marshall.  In the court's view, this factor slightly weighs in favor of transfer.

### 6.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence."  *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  The trial date is set in roughly two months.  The court does not believe that Plaintiffs would be prejudiced by transferring the case.  However, given the trial date, this factor weighs against transferring the case.

B.     *Public Interest Factors*

### 1. The administrative difficulties caused by court congestion

Neither party is aware of any administrative difficulties flowing from the Sherman Division

5

and not the Marshall Division.  Therefore, this factor is neutral as to transfer.

### 2.  The local interest in adjudicating local disputes

The healthcare facility, physicians, and care-givers are located in the Sherman Division.  In addition, Plaintiffs reside in the Sherman Division.  Therefore, this factor weighs in favor of transfer.

### 3. The unfairness of burdening citizens in an unrelated forum with jury duty

Neither party addresses this issue.  Accordingly, the Court finds that this factor is neutral as to transfer.

### 4. The avoidance of unnecessary problems in conflict of laws

The plaintiffs assert claims based on federal law and Texas state law.  Consequently, the Court finds that this factor is inapplicable in this transfer analysis.

### III.    Conclusion

Upon application of the section 1404(a) factors to this case, the Court has exercised its discretion and has concluded that transfer to the Sherman Division of the Eastern District of Texas is warranted.  Accordingly, the Court GRANTS Defendant's Motion to Transfer Venue.  This case is hereby transferred to the Sherman Division, Eastern District of Texas.

SIGNED this  9th  day of July, 2007.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

6